IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IOANNIS KAFOUROS

    Plaintiff,

vs.                                  Civil Action No. JFM-09-1542

CEGW, INC. , et al.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUESTED JURY INSTRUCTIONS AND PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUESTED SUBSTITUTIVE INSTRUCTIONS**

Plaintiff, Ioannis Kafouros ("Kafouros"), hereby files his response to Defendants' Objections to Plaintiff's Requested Jury Instructions (DE# 45). Additionally, Plaintiff files his objections to certain of Defendants' Proposed Supplemental Instructions. In support hereof, Kafouros states as follows:

**A.    UNOPPOSED INSTRUCTIONS**[1]

As per Defendants' August 31, 2010 response, there is no objection to the following instructions proposed by Kafouros:

    1 (Issues for Determination);

    2 (definition of "defamatory statement");

    3 ("False Statement – Defined");

    4 ("Definition of Negligence");

    6 ("Actual Malice – Defined");

    8 ("Respondeat Superior");

    10 (Damages – Presumption");

---

[1] Notwithstanding that Defendants did not object to the foregoing instructions, they have proposed substitutive instructions for #'s 2, 3, and 6.

11 ("Damages").

Accordingly, Plaintiff's proposed instruction #'s 1, 2, 3, 4, 6, 8 and 10 should be given.

**B.     RESPONSE TO DEFENDANTS' OBJECTIONS**

   1.     Plaintiff's Proposed Instruction Number 5

Defendants object to Kafouros' proposed instruction number 5, relating to the definition of "constitutional malice." Kafouros agrees with Defendants' objection. Accordingly, the revised instruction should be:

### *CONSTITUTIONAL MALICE – DEFINED*

*Constitutional malice exists when the person makes the false statement with knowledge that it was false or with reckless disregard for whether it was false or not.*

   2.     Plaintiff's Proposed Instruction Number 7

Defendants further object to Kafouros' proposed instruction number 7, relating to the definition of *per se* defamation. Specifically, Defendants object to the use of the phrase "… statements linking Plaintiff to 'Crazy John Kafouros" as *per se* defamatory. Defendants' objection is not well-founded. The use of the term "linking" in the proposed instruction cannot, as Defendants suggest, reasonably be construed to refer to articles which merely include references to both Kafouros and "Crazy John" Kafouros. Moreover, Kafouros' claims in this matter are based only upon the online and print articles already at issue in this matter. None of the statements in the articles fall within Defendants' suggested definition of "linking." As such, Kafouros' proposed instruction number 7 is sufficiently clear and poses no threat of prejudice to Defendants.

3. <u>Plaintiff's Proposed Instruction Number 9</u>

Defendants object to Kafouros' proposed instruction number 9. Kafouros agrees that the instruction should be expanded as follows:

### *DAMAGES - PER SE DEFAMATION*

*In the case of per se defamation, where constitutional malice has been established by a preponderance of the evidence, the plaintiff need not prove actual damages because "[i]n the case of words or conduct actionable per se, their injurious character is a self-evident fact of common knowledge of which the court takes judicial notice."*

4. <u>Plaintiff's Proposed Instruction Number 12</u>

Defendants object to Kafouros' proposed instruction number 12 regarding punitive damages. Defendants' statement regarding the standard on punitive damages, however, is incomplete and misleading.[2] Specifically, in *Le Marc's Management Corp. v. Valentin*, 349 Md. 645, 709 A.2d 1222 (1998), the case relied upon by Defendants as setting forth the law in Maryland on punitive damages, the Court stated that, for purposes of awarding punitive damages, "[a]ctual knowledge also includes the **willful refusal to know**." *Id.* at 653 fn 4. (citing to *State v. McCallum*, 321 Md. 451, 458-461 (1991)) (emphasis added). Willful blindness occurs when a person "'has his suspicions aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance." *Hoffman v. Stamper*, 385 Md. 1, 44, 867 A.2d 276, 301-02 (2005)(also citing to *McCallum*). Based upon the foregoing, the proposed instruction on punitive damages should be revised as follows:

---

[2] The United States Supreme Court, in *Dun & Bradstreet, Inc. v. Greenmoss Builders,Inc.*, 472 U.S. 749, 105 S.Ct. 2939 (1985), held that punitive damages are allowable in defamation cases even absent a showing of actual malice.

## *PUNITIVE OR EXEMPLARY DAMAGES*

*A person who is the subject of a defamatory statement may be allowed punitive damages if the defendant published the defamatory statement with actual knowledge that the statement was false. Actual knowledge also includes the willful refusal to know. Willful blindness occurs when a person has his suspicions aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance.*

*If you find for Plaintiff Ioannis Kafouros and award damages to compensate him for the injuries suffered, you may go on to consider whether to make an award for punitive damages. An award of punitive damages must be proven by clear and convincing evidence. An award for punitive damages should be:*

*(1) In an amount that will deter the Defendants and others from similar conduct.*

*(2) Proportionate to the wrongfulness of the Defendants' conduct and the Defendants' ability to pay.*

*(3) But not designed to bankrupt or financially destroy a defendant.*

C.  **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED INSTRUCTIONS**

1. Plaintiff does not object to Defendants' requested instruction numbers 2 and 8.

2. **Defendants' Requested Instruction Number 1**

Defendants do not object to Plaintiff's proposed instruction number 1 regarding the definition of a defamatory statement, and thus, presumably have agreed that Plaintiff's proposed instruction is an accurate statement of the law. Accordingly, Plaintiff's proposed instruction should be read to the jury. Defendant's proposed instruction contains elements not germane to the facts of this case, and could create jury confusion.

3. **Defendants' Requested Instruction Number 3**

Plaintiff objects to Defendants' proposed instruction number 3 entitled "Harm to

Profession/Professional Reputation." Plaintiff is not claiming harm to his profession or to his professional reputation. Accordingly, the requested instruction is unnecessary and will only serve to confuse the jury.

4. **Defendants' Requested Instruction Number 4**

Plaintiff objects to Defendants' proposed instruction number 4 entitled "Actual Malice." First, Defendants have already agreed that Plaintiff's proposed instruction regarding the definition of "actual malice" (Plaintiff's proposed instruction number 6) is accurate. Moreover, Defendant's proposed instruction is incomplete and not reflective of Maryland law, which defines "actual malice" as "when the person making the false statement knew either that the statement was false, or that it was almost certainly false, or had obvious reasons to distrust the accuracy of the statement." *See* MPJI-Cv 12:5; *Hearst Corp. v. Hughes*, 297 Md. 112, 122, 466 A.2d 486 (1983). Defendants' reliance on *Le Marc's Management Corp. v. Valentin*, 349 Md. 645, 709 A.2d 1222 (1998) is misplaced. Nowhere in *Le Marc's* does the Court purport to set forth Maryland's definition of "actual malice." Rather, the Court was referencing a definition found in various U.S. Supreme Court opinions involving defamation claims by public figures and public officials.

5. **Defendants' Requested Instruction Number 5**

Plaintiff objects to Defendants' proposed instruction number 5 entitled "Reckless Disregard" because the definition proposed by Defendants is not an accurate statement of Maryland law. Under Maryland law, "reckless indifference…means the defendant's making a statement with the knowledge that he or she does not know whether the statement is true or false. In other words, the defendant has actual knowledge that he or she did not know whether the statement was true or false, but, with reckless indifference to the truth, made the statement with the intent to deceive the listener." *Le Marc's Management Corp. v. Valentin*, 349 Md. 645, 654 709 A.2d 1222, 1227 (1998) (citations omitted). The holding in *Gertz v. Robert Welch, Inc.*, 418

U.S. 323, 332 (1974) does not restrict Maryland courts from refining the meaning of "reckless disregard."

6. **Defendants' Requested Instruction Number 6**

Plaintiff objects to Defendants' proposed instruction number 6 entitled "Actual Damages – Defamation Per Se – Negligence Standard" because the proposed instruction by Defendants is incomplete and thus, not an accurate statement of Maryland law. Specifically, under Maryland law, when a person is the subject of a defamatory statement that was made with actual or **constitutional** malice, there is a presumption that the statement causes that person harm, and relief may be awarded even in the absence of any evidence of actual damages. *See* MPJI-Cv 12:7; *Gooch v. Maryland Mechanical Systems, Inc.*, 81 Md. App. 376, 567 A.2d 954 (1990).

7. **Defendants' Requested Instruction Number 7**

Plaintiff objects to Defendants' proposed instruction number 7 entitled "Actual Knowledge Required for Punitive Damages." As stated above, Defendants' statement regarding the standard on punitive damages is incomplete and misleading.[3] Specifically, in *Le Marc's Management Corp. v. Valentin*, 349 Md. 645, 709 A.2d 1222 (1998), the case relied upon by Defendants as setting forth the law in Maryland on punitive damages, the Court stated that, for purposes of awarding punitive damages, "[a]ctual knowledge also includes the **willful refusal to know**." *Id.* at 653 fn 4. (citing to *State v. McCallum*, 321 Md. 451, 458-461 (1991)) (emphasis added). Willful blindness occurs when a person "'has his suspicions aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance." *Hoffman v. Stamper*, 385 Md. 1, 44, 867 A.2d 276, 301-02 (2005)(also citing to *McCallum*).

---

[3] The United States Supreme Court, in *Dun & Bradstreet, Inc. v. Greenmoss Builders,Inc.*, 472 U.S. 749, 105 S.Ct. 2939 (1985), held that punitive damages are allowable in defamation cases even absent a showing of actual malice.

Based upon the foregoing responses and objections, Plaintiff has attached hereto his proposed Amended Requested Jury Instruction numbers 5, 9, 11 and 12 for the Court's consideration.

        Respectfully submitted,

        **DE LA O, MARKO,**
        **MAGOLNICK & LEYTON**
        Co-counsel for Plaintiff
        3001 S.W. 3rd Avenue
        Miami, Florida 33129
        Telephone: (305) 285-2000
        Facsimile:  (305) 285-5555

        By: /s/ Joel S. Magolnick
            Joel S. Magolnick (*Pro Hac Vice*)
            Florida Bar No. 776068
            magolnick@dmmllaw.com

and

Joshua R. Treem, Esq.
Maryland Bar No. 00037
jtreem@stkgrlaw.com
**SCHULMAN, TREEM, KAMINKOW &**
**GILDEN, P.A.**, Co-counsel for Plaintiff
401 East Pratt Street, Suite 1800
Baltimore, Maryland 21202
Telephone: (410) 332-0850

## CERTIFICATE OF SERVICE

I certify that on September 8, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                 /s/ Joel S. Magolnick
                                                 Joel S. Magolnick