## PART ONE

<u>Ladies and Gentlemen</u>:

Let me thank you at the outset for the attention which you have paid to the lawyers and the witnesses in the case and to all the evidence that has been introduced. I also want to thank you for your patience in enduring the occasional delays and hearings outside of your presence which are inevitable in any case.

My instructions to you are organized into three parts. The first part deals with civil cases generally. The second to the law applicable to the specific claims asserted in this case; and the third (and shortest) to the mechanics and procedure of your deliberations.

As you know, the functions of the Judge and of the Jury in a case of this sort are quite different from one another. It is my duty as Judge to instruct you as to the law which applies to the case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be. In deciding the facts and issues of fact, you must decide them without prejudice, or bias, or sympathy. Corporations stand equal before the law and are entitled to the same treatment as are individuals under the law.

If during the course of these instructions I state any rule, direction or idea in varying ways, no emphasis is intended by me and none must be inferred by you. You are not to single out any certain sentence or individual point or instruction and ignore the others. Rather, you are to consider all of my instructions as a whole, and you are to regard each instruction in the light of all others.

You and only you are the judges of the facts. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matter, I instruct you to disregard it.

During their arguments counsel will refer to some of the evidence. In deciding the facts you may consider not only the evidence referred to by counsel but any which you may believe to be material.

If any reference by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which is to control during your deliberations.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience.

The statements and arguments of counsel and questions which they ask which contain assertions of fact are not evidence and should not be considered as evidence unless any such statement was made as a stipulation conceding the existence of a fact or facts. When the attorneys on both sides stipulate or agree as to the existence of a fact, you should consider that fact as you do all other evidence in the case.

At times throughout the trial I have been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with my rulings or the reasons for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, the court does not determine what weight should be given to such evidence. You must not guess what the answer might have been to any question

2

to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection. Every party has the right to object to any evidence, to obtain from the court the legal opinion of the court as to whether such evidence is admissible, and, if admissible, for what purposes and to what extent. You are not to infer that any objection to evidence had any other purpose. Any evidence as to which an objection was sustained by the court, and any evidence which I have ordered stricken, must be entirely disregarded.

There are two types of evidence from which a jury may properly decide what the facts are. One is direct evidence -- such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence.

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of each of his/her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of any one of the plaintiff's claims by a preponderance of the evidence, you should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You should carefully scrutinize the testimony given by each witness and the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and his/her demeanor and manner while on the stand. Consider also any relation each witness may bear to either side of the case; whether a witness has demonstrated any bias, prejudice or hostility toward a party; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience.

A witness may be discredited or impeached, not only by contradictory evidence, but also by evidence that at other times the witness has made statements which are inconsistent with his/her present testimony. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of differing witnesses, should be considered by you, but, in weighing their effect, you should consider whether the inconsistencies or discrepancies pertain to a matter of importance or an unimportant detail, and whether you believe the discrepancy or inconsistency results from innocent error or willful falsehood.

After you have considered all of the factors bearing upon the credibility of a witness which I have mentioned to you, you may conclude to reject all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In

other words, you may give the testimony of any witness such credibility, if any, as you may think it deserves.

## PART TWO

The issues for your determination on the claim of plaintiff, Ioannis Kafouros, against Defendants CEGW, Inc. d/b/a City Paper and Van Smith are: (1) whether Defendants made defamatory statements referring to Plaintiff; (2) whether the statements were false; (3) whether Defendants were at fault (via negligence or actual malice) in communicating the statements to a third person; and (4) whether Plaintiff suffered harm.

A defamatory statement is a false statement about a person tending to expose that person to public scorn, hatred, contempt, or ridicule, which statement is communicated to a third person. Statements that charge a crime are considered to be defamatory.

A false statement is a statement that is substantially incorrect. Minor errors do not make a statement false if the substance or main thrust of the statement is true.

A statement made about a private figure is defamatory only if the party making the statement knew or reasonably should have known that the statement was false.

Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

Actual malice exists when the person making the false statement knew either that the statement was false, or that it was almost certainly false, or had obvious reasons to distrust the accuracy of the statement.

An employer is responsible for injuries or damages caused to others by acts of employees if the acts causing the injuries or damages were within the scope of the employment.

An employee or agent is acting within the scope of the employment when performing

services for which the employee has been engaged or when the employee is acting in furtherance of the employer's or principal's interests.

Defendant Van Smith was acting as the employee of defendant CEGW, Inc. at the time of the publication of the statements which are the subject of Plaintiff Ioannis Kafouros's Complaint. Thus, in addition to any liability that Defendant CEGW may itself have for the publication of the statements, Defendant CEGW is also responsible if defendant Van Smith committed the acts about which the complaint is made by plaintiff Ioannis Kafouros

When a person is the subject of a defamatory statement that was made with actual malice, there is a presumption that the statement causes that person harm, and relief may be awarded even in the absence of any evidence of actual damages.

A person who is the subject of a defamatory statement that was not made with actual malice must show actual damages in the form of financial loss, injury to reputation, mental anguish, or some other tangible injury, in order to obtain relief.

If you find for Plaintiff Ioannis Kafouros, you should award him an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiff for such loss, injury or damage as the greater weight of the evidence shows was caused by the statements complained of.

A statement is a cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage.

Actual injury is not limited to out-of-pocket loss, but includes impairment of reputation and standing in the community, personal humiliation and mental anguish and suffering. Damages for emotional harm may be recovered without any proof of damage to a plaintiff's reputation.

If you find for Plaintiff Ioannis Kafouros, you shall consider the following elements of

7

damage: out of pocket expenses; mental anguish; injury to reputation; shame; humiliation; including any such damages experienced in the past or to be experienced in the future.

There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

In assessing Plaintiff's compensatory damages, if any, you may consider in mitigation any of the following factors presented by the evidence in this case: whether the Defendants acted in good faith; whether the Defendants published one or more corrections or retractions for any defamatory statements made in the subject articles, as alleged by Plaintiff; whether any such corrections or retractions would have sufficiently identified the correction of the false statement to a reasonable reader; and whether any such corrections or retractions were published within a reasonable time after Plaintiff made his concerns known to the Defendants.

Punitive damages may be awarded against either Defendant only if you find that Plaintiff has proven, by clear and convincing evidence, that either Defendant had actual knowledge that the allegedly defamatory statements made were false, at the time the statements were published in the articles in question. To be clear and convincing, evidence should be "clear" in the sense that it is certain, plain to the understanding, and unambiguous and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.

"Actual knowledge" is more than just a reckless disregard for the truth or falsity of the statements; you must find that Defendants actually knew, at the time that they published the statements about Plaintiff, that such statements were false. "Actual knowledge" does include the limited concept of "willful blindness." Plaintiff may recover punitive damages, if you find, by clear and convincing evidence, that at the time the allegedly defamatory statements were made, the Defendants believed it probable that the statements were not true, but deliberately avoided making

8

a reasonable inquiry before publishing the statements about Plaintiff in a conscious effort to avoid learning the truth before publishing.

If Plaintiff fails to prove actual knowledge or "willful blindness" by clear and convincing evidence, then as a matter of law Plaintiff cannot be awarded punitive damages.

## PART THREE

I have now reached the third part of my instructions relating to the mechanics and procedure of your deliberations.

When you retire to the jury room, you will select one of yourselves to act as your foreperson. The foreperson will preside over your deliberations and be your spokesperson here in Court. When you have reached a unanimous verdict, please notify the bailiff. You will then return to the Courtroom and the courtroom deputy, after taking roll call, will take your verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, is forbidden to communicate in any way or manner with any members of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the issues to be decided, until after you have reached an unanimous verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself, but do so only after an impartial consideration of the evidence in

the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges - judges of the facts.